**The document below is hereby signed.**

**Dated: December 27, 2011.**



_____
**S. Martin Teel, Jr.
U.S. Bankruptcy Judge**

```
              UNITED STATES BANKRUPTCY COURT
              FOR THE DISTRICT OF COLUMBIA

In re                         )
                              )
                              )    Case No. 11-00696
JOSEPH RUMBER and ROSE        )    (Chapter 7)
RUMBER,                       )
                              )
              Debtors.        )
_____)
                              )
                              )
STEVEN M. COOPER, et al.,     )
                              )    Adversary Proceeding No.
              Plaintiffs,     )    11-10057
                              )
         v.                   )
                              )    Not for publication in
JOSEPH RUMBER, et al.,        )    West's Bankruptcy Reporter.
                              )
              Defendants.     )
```

                    MEMORANDUM DECISION AND ORDER

    The plaintiffs' complaint is brought under 11 U.S.C. § 523(a).  It alleges:

    Since the deed of trust on the defendants/debtors' real property was given voluntarily as security for the underlying debt, it would be inconsistent for the debt to be discharged in bankruptcy when that is the legal basis for the aforementioned deed of trust, which is a voluntary lien on the defendants/debtors' real property.

Compl., ¶3.  The plaintiffs appear to be asking that the deed of

trust lien be declared nondischargeable under § 523.  A discharge of debts, however, only extends to a debt "as a personal liability of the debtor," and a lien on property is unaffected by the debtor's discharge.  11 U.S.C. § 524(a)(2).  Liens pass through a chapter 7 bankruptcy case unaffected by the debtor's discharge.  *Long v. Bullard*, 117 U.S. 617, 6 S.Ct. 917, 29 L.Ed. 1004 (1886); *Dewsnup v. Timm*, 502 U.S. 410, 112 S.Ct. 773, 116 L.Ed.2d 903 (1992).  No order is required in order for that to occur.  Nor is it required that the debtors reaffirm the debt in order for the lien on the property to remain unaffected by the debtor's discharge.  In short, an order, and specifically, an order granting relief under § 523, is unnecessary in order for the plaintiffs' lien to remain enforceable, despite the issuance of discharges to the debtors, against the property that is subject to the lien.

Section 523(a) sets forth exceptions to a discharge of debts as a personal liability of the debtor.  To the extent that the plaintiffs wish to declare that under § 523(a) the debtors' discharges will not discharge *the debtors* from the underlying debt (that is, a declaration that the debtors, not just the property securing the debt, will remain liable for the debt despite the discharges), the plaintiffs have failed to allege any facts that would establish that the debt is of a character described in any of the provisions of § 523(a).

2

Finally, the complaint asks the court to enter a judgment against the debtors for the $243,095.91 plus interest. The claim against the debtors is not one that arose under the Bankruptcy Code, and is not one that arose in the case. Entering such a judgment would not have any impact on the administration of the estate,[1] and thus the request for such relief is not a proceeding related to the bankruptcy case. *See Ostroff v. American Home Mtg. (In re Ostroff)*, 433 B.R. 442, 447 (Bankr. D.D.C. 2010). Accordingly, the claim does not come within the court's subject matter jurisdiction under 28 U.S.C. § 1334(b) (conferring jurisdiction over "civil proceedings arising under title 11, or arising in or related to cases under title 11").

It is thus

ORDERED that by January 16, 2011, the plaintiffs shall file an amended complaint setting forth facts establishing that the debt is a debt of a character described in 11 U.S.C. § 523(a) as to which the debtors' discharges do not discharge the debtors from the debt, or otherwise showing that the plaintiffs are entitled to relief. It is further

ORDERED that if no such amended complaint is filed, then by January 17, 2011, the plaintiffs shall file a memorandum showing cause why this adversary proceeding under 11 U.S.C. § 523 ought

---

[1] The trustee has already filed a report of no distribution, certifying that no funds will be available for distribution to creditors.

not be dismissed for failure to state a claim upon which relief can be granted under § 523.

[Signed and dated above.]

Copies to: All counsel of record; Debtors.